UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN ALVARADO

            Petitioner,

  vs.

C. GIBSON, Warden,

            Respondent.
                                    /

No. C 12-3731 PJH (PR)

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

      Petitioner, a California prisoner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was denied as successive on September 26, 2012, and petitioner has now filed a motion for reconsideration that the court will construe as a motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(B).

      Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  *See* Fed. R. Civ. P. 60(b).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Petitioner has filed this motion well past one year after judgment was entered so the motion is untimely. Regardless, petitioner presents no arguments why he should be provided relief. He requests an opportunity to present new arguments on why the petition is not successive as the prior person aiding him did not raise all possible grounds for relief. Yet, petitioner does not describe the new grounds he wishes to raise. The motion is denied as it is untimely and lacks merit. If petitioner wishes to proceed with a second petition he must obtain permission from the Ninth Circuit.

## CONCLUSION

The motion for reconsideration (Docket No. 11) is **DENIED**.

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 21, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Alvarado3731.recon

2